IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EUGENE ROBINSON, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:14-CV-4187-D |
| VS. § | |
| § | |
| DALLAS COUNTY COMMUNITY § | |
| COLLEGE DISTRICT, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Eugene Robinson ("Robinson"), who was employed as a foreign language lab coordinator by defendant Dallas County Community College District ("District") before his employment was terminated, brings this lawsuit alleging that the District is liable under 42 U.S.C. § 1983 for retaliating against him, in violation of his First Amendment rights; for breach of contract; and for violating the Texas Whistleblower Act. The District moves for partial dismissal under Fed. R. Civ. P. 12(b)(6), seeking to dismiss Robinson's claims for breach of contract and violation of the Texas Whistleblower Act. The court grants the motion and also grants Robinson leave to replead.[1]

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

I

The District is correct that Robinson has not pleaded a plausible breach of contract claim. In attempting to state such a claim, Robinson alleges that the District had policies and procedures that formed part of his employment contract, and that the District breached its contract with him by violating these policies and procedures. Robinson relies on the District's policy of protecting academic freedom and prohibiting termination of employees for making good faith reports, and its policy of not suspending or terminating employees, or taking other adverse action against employees, who in good faith report violations of the law by the employing governmental entity or another public employee to an appropriate law enforcement authority. But in order for Robinson—whose employment is presumed to be at-will—to state a plausible breach of contract claim, he must plead sufficient facts that, viewed favorably to him, establish that the District "expressly and unequivocally evidence[d] an intent to limit the conditions under which [he] may be terminated." *Adams v. Mut. of Omaha Ins. Co.*, 2014 WL 1386563, at *4 (N.D. Tex. Apr. 9, 2014) (Fitzwater, C.J.) ("'To rebut the presumption of employment at will, an employment contract must directly limit in a meaningful and special way the employer's right to terminate the employee without cause.'") (quoting *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 478 (5th Cir. 2000) (per curiam)). Robinson relies in his complaint on general policies that are insufficient to satisfy this burden. Accordingly, the court dismisses his breach of contract claim.

II

The court also agrees with the District that Robinson has not pleaded a plausible Texas Whistleblower Act claim.[2]

Robinson alleges that he engaged in protected conduct when he reported to one or more members of the District's Board of Trustees that the District, through its Early College program, was violating Texas law by spending community college district tax revenue to support programs and students of public independent school districts (such as early college high school/dual credit programs, in which high school students simultaneously earn college and high school credit). He alleges that the District was using resources and money for the

---

[2]The court is not dismissing this claim based on the District's assertion that Robinson's claim is untimely. The 90-day deadline for filing a complaint under the Texas Whistleblower Act is a limitations period. *See, e.g., Jackson v. Univ. of Tex. Health Sci. Ctr. Police Dep't*, 2004 WL 572330, at *2 (Tex. App. Mar. 24, 2004, no pet.) (mem. op.) ("The limitations period to sue under the Whistleblower Act is ninety days after the alleged violation occurred or was discovered by the employee."). Limitations, in the context of the Texas Whistleblower Act, is an affirmative defense. Under the Rule 12(b)(6) standard, "[i]t is well settled . . . that in order for a defendant to prevail on the basis of limitations at the pleadings stage, the plaintiff must normally plead himself out of court." *Funches v. City of Dallas*, 1999 WL 261842, at *2 (N.D. Tex. Apr. 28, 1999) (Fitzwater, J.) (citing *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995) (holding that "if a plaintiff pleads facts that show its suit barred by a statute of limitations, it may plead itself out of court under a Rule 12(b)(6) analysis")). In this case, the District contends that the 90-day period commenced on June 4, 2014, when Robinson learned that he would be terminated. Robinson maintains that the period did not start until August 31, 2014, the date on which his termination took effect. Of these two dates, however, the only one specified in the complaint is August 31, 2014. Compl. ¶ 12. Therefore, even if the District is correct that June 4, 2014 is the date that triggered the 90-day limitations period, Robinson has not pleaded himself out of court, and the District is not entitled to dismissal of this claim under Rule 12(b)(6), because it is not apparent from the face of the complaint that he filed suit more than 90 days after he learned he would be terminated.

benefit of students of independent school districts in Dallas County, not for the benefit of tuition-paying students of the District; that he complained that the independent school districts were being inappropriately subsidized by the District through the Early College program; and that he specifically expressed the belief that funds budgeted for student assistant salaries had been illegally diverted into the Early College program, and that this diversion was just an example of wrongdoing within the District.

Under the Act, however, a plaintiff must have reported a violation of the law "to an appropriate law enforcement authority." Tex. Gov't Code Ann. § 554.002(a) (West 2012).

> [A] report is made to an appropriate law enforcement authority if the authority is a part of a state or local governmental entity or of the federal government that the employee in good faith believes is authorized to: (1) regulate under or enforce the law alleged to be violated in the report; or (2) investigate or prosecute a violation of criminal law.

*Id.* § 554.002(b). The good faith requirement has both objective and subjective components. *Univ. of Tex. Sw. Med. Ctr. at Dall. v. Gentilello*, 398 S.W.3d 680, 683 (Tex. 2013) ("'good faith' in the Whistleblower Act context has both objective and subjective elements"). "For a plaintiff to satisfy the Act's good-faith belief provision, the plaintiff must reasonably believe the reported-to authority possesses what the statute requires: the power to (1) regulate under or enforce the laws purportedly violated, or (2) investigate or prosecute suspected criminal wrongdoing." *Id.* at 682. Compliance with the Act is jurisdictional. *See id.* (referring to "jurisdictional evidence" and "jurisdictionally sufficient evidence"). A "belief can only satisfy the good-faith requirement 'if a reasonably prudent employee in similar

circumstances' would have thought so." *Id.* at 683.

Robinson alleges in his complaint that he made his report to individual members of the District Board of Trustees, in other words, to members of the Board of Trustees of the very entity that he was accusing of wrongdoing. He has not pleaded sufficient facts to plausibly establish that these individual trustees—or even the District Board of Trustees as a collective body—(1) regulated under or enforced the laws purportedly violated, or (2) investigated or prosecuted suspected criminal wrongdoing. So far as can be determined from the complaint, rather than being "an appropriate law enforcement authority . . . actually responsible for regulating under or enforcing the law allegedly violated," the District Board of Trustees was "simply an entity responsible for ensuring internal compliance with the law allegedly violated." *Id.* at 685. At a minimum, there is no basis to draw the reasonable inference that the Board had the "authority to regulate under or enforce" the Texas Education Code, which is the law on which Robinson relied to report that the District was acting illegally. *See id.* The Board's obligation to follow the Texas Education Code "does not equate to its having authority to 'regulate under or enforce' those provisions as to itself." *Id.* (quoting *City of Elsa v. Gonzalez,* 325 S.W.3d 622, 628 (Tex. 2010) (per curiam)).

Because Robinson has not plausibly pleaded that he reported a violation of the law "to an appropriate law enforcement authority," the court grants the District's motion to dismiss his Whistleblower Act claim.

III

District courts often afford a plaintiff at least one opportunity to cure pleading deficiencies before dismissing a case (or, as here, dismissing claims). *See, e.g., In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.). Accordingly, the court grants Robinson 28 days from the date this memorandum opinion and order is filed to file an amended complaint that addresses the deficiencies in his breach of contract and Texas Whistleblower Act claims.

**SO ORDERED**.

April 24, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE